UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BYRON HARRIS, | ) | Case No. 1:25 CV 2201 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER LAWERENCE, *et al.*, | ) | |
| | ) | MEMORANDUM OPINION |
| Defendants | ) | AND ORDER |

**I. INTRODUCTION**

*Pro Se* Plaintiff Byron Harris is an inmate currently incarcerated at Mansfield Correctional Institution ("ManCI"). He filed this civil rights action against three ODRC employees– Officer Lawerence, Officer Brothers, and ManCI Warden's Administrative Assistant Kacy Plank. (ECF No. 1). Plaintiff also filed an application to proceed *in forma pauperis* (ECF No. 2), which the Court grants by separate order.

Plaintiff states that on August 14, 2025, he was on the telephone when "chow hall movement" was called, so he ran upstairs to dress and get his state ID. When he returned, Officer John Doe closed the door, and Lieutenant King told Plaintiff that if he was not ready, he is not eating. (ECF No. 1, PageID ##2-3.) When he asked for a "white shirt," he was denied because there were none available to assist Plaintiff. Plaintiff states that he was ultimately denied breakfast and

refused a "disciplinary tray." (*Id.*) He further states that Officer Brothers refused to order Plaintiff a meal. (*Id.*, PageID # 4.)

In a separate document titled, "Declaration of Evidence of Byron Harris," Plaintiff states that he was denied a meal on "several different occasions," but he identifies only March 4, 2024. He states that "ODRC staff" denied Plaintiff a meal because he was not wearing his state ID. (ECF No. 3, PageID ##20-21; ECF No. 1-3.) And finally, in another "Declaration," fellow inmate Marcus Jackson contends that Officers Brothers and Lawerence refused to let Jackson and Plaintiff to "chow" on or about October 10, 2025, because they were late returning from getting dressed. (ECF No. 4.)

Plaintiff alleges the Defendants failed to perform their "job duty," "inappropriate supervision," and cruel and unusual punishment in violation of the Eighth Amendment. The complaint does not include a proper request for relief. Rather, Plaintiff indicates on the civil cover sheet accompanying the complaint that his demand is $7,500. (*See* ECF No. 1-1.)

## II. DISCUSSION

### A. Standard of Review

*Pro Se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief may be granted or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact where

it is premised on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted where it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); Fed. R. Civ. P. 8(a)(2). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**B. Analysis**

Plaintiff alleges in a conclusory fashion that the Defendants failed to perform their job duty, their actions constituted "inappropriate supervision," and Officer Lawerence, Officer Brothers, and Administrative Assistant Plank violated his right to be free from cruel and unusual punishment during his incarceration in violation of the Eighth Amendment when they denied him meals. The Court construes Plaintiff's Complaint as an Eighth Amendment claim concerning the conditions of his confinement.

The Eighth Amendment imposes a constitutional limitation on the power of the states to

punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). The Eighth Amendment protects inmates by requiring that "prison officials [] ensure that inmates receive adequate food, clothing, shelter, and medical care, and [] 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)). This requirement, however, does not mandate that a prisoner be free from discomfort or inconvenience during his or her incarceration. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting Rhodes, 452 U.S. at 346). Prisoners are not entitled to unfettered access to the medical treatment of their choice. *See Hudson v. McMillian*, 503 U.S. 1, 9, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992). Nor can they "expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988); *see Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). In sum, the Eighth Amendment affords the constitutional minimum protection against conditions of confinement that constitute health threats, but it does not address those conditions that cause the prisoner to feel merely uncomfortable or that cause aggravation or annoyance. *Hudson*, 503 U.S. at 9-10 (requiring extreme or grave deprivation).

In *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), the Supreme Court set forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson*, 503 U.S. at 8. Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference to

serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. A plaintiff must also establish a subjective element showing that the prison officials acted with a sufficiently culpable state of mind. *Id.* at 8. Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). Liability cannot be predicated solely on negligence. *Id.* A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer*, 511 U.S. at 834.

Plaintiff alleges that he was denied meals "on several different occasions." (*See* ECF No. 3.) His complaint references three– March 4, 2024, August 14, 2025, and October 10, 2025. However, deprivation of a few meals for a limited time does not generally rise to the level of a constitutional violation. *See Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation); *Richmond v. Settles*, 450 F. App'x 448, 456 (6th Cir. 2011) (denial of seven meals over six consecutive days did not state a viable Eighth Amendment claim, because plaintiff did not allege that his health suffered from denials); *Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (per curiam) (providing a prisoner only one meal per day for fifteen days did not violate the Eighth Amendment, because the meals provided contained sufficient nutrition to sustain normal health); *see also Berry v. Brady*, 192 F.3d 504, 507-08 (5th Cir. 1999) (denial of a few meals over several months does not state a claim).

Here, Plaintiff alleges that "ODRC staff," John Doe Officer, Officer Brothers, and Officer Lawerence denied him three meals from March 2024 through October 2025. Although the withholding of meals may be uncomfortable or unpleasant, such denial does not result in a health

risk to the prisoner. Plaintiff alleges he was denied one meal on three different days, spanning more than one year. Presumably, Plaintiff received two other meals on the dates in question. He does not assert otherwise. And Plaintiff does not allege that the meals he received provided inadequate nutrition to sustain his health. *See Cunningham*, 667 F.2d at 566. Nor does he allege that his health suffered as a result of the alleged deprivation. *Richmond*, 450 F. App'x at 456. The deprivation Plaintiff describes is, at best, inconveniences associated with ordinary prison life. Plaintiff has failed to allege extreme deprivation that violates the Eighth Amendment.

Additionally, Plaintiff cannot hold Assistant Plank liable for the actions of a corrections officer or prison staff member. It is well-established that personal liability cannot be imposed on a supervisor solely because he or she was charged with overseeing a subordinate who may have violated Plaintiff's constitutional rights. *Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (citing *Gregory v. City of Louisville*, 444 F.3d 725, 751 (6th Cir. 2006)). Rather, "[a]ctive unconstitutional behavior," and not the "mere failure to act," is required. *Peatross*, 818 F.3d at 241; *Essex v. Cnty. of Livingston*, 518 F. App'x 351, 355 (6th Cir. 2013) (citation omitted). Plaintiff must allege that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (holding that supervisor may be actively involved in unconstitutional conduct of a subordinate individual if the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it").

Here, Plaintiff does not allege any facts indicating that Assistant Plank encouraged, authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct. In fact, the Complaint includes no allegations concerning Assistant Plank. Rather, Plaintiff merely inserts the

phrase "inappropriate supervision" numerous times throughout the Complaint. The mere speculation that an individual's actions resulted from "inappropriate supervision" does not demonstrate active involvement in the alleged constitutional violations. Plaintiff therefore fails to state a plausible Eighth Amendment claim against Assistant Plank.

Accordingly, Plaintiff fails to establish an Eighth Amendment claim for the purported meal deprivation.

### III. CONCLUSION

For the foregoing reasons, the Court dismisses this action pursuant to 28 U.S.C. §1915(e). Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 30, 2026